UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW MEXICO

In RE: Bryan A. Lamey
    Debtor                                                                        Case No. 14-13729-t7

---

**Robert I. Maese, Sr. and**
**Robert Maese, Jr.;**

    **Plaintiffs,**

vs.                                                                     Adversary Case No. 15-01030-t

**Bryan A. Lamey Debtor and**
**Ann Lamey (a/k/a Ann Rippberger),**

    **Defendants.**

## DEFENDANT'S MOTION FOR SANCTIONS

      COMES NOW Defendant Bryan A. Lamey, by and through his counsel of record ALBUQUERQUE BUSINESS LAW, P.C. and files a Motion for Sanctions, and for his grounds states the following:

I.     Factual Background

      Plaintiffs served Defendant with Discovery on May 8, 2015. In an effort to provide complete discovery responses to all requests, Defendant filed a Motion for Enlargement of Time on June 8, 2015. Counsel for Plaintiffs was contacted regarding the Motion for Enlargement of Time in an effort to seek concurrence, but did not respond. On June 24, 2015, at 4:06 p.m., counsel for Plaintiffs emailed counsel for Defendant, attaching a document outlining deficiencies in Defendant's discovery responses and refusing all objections. One hour later of the same day, June 24, 2015 at 5:08 p.m., counsel for Plaintiffs filed the Motions to Compel.

II.     Argument and Authorities

Plaintiff's counsel, in the letter sent "simultaneously" with the Motions to Compel, discusses an Oral Motion filed by counsel for a different party in another adversarial case and states that "It was Plaintiffs understanding that Judge Thuma set a Motion to Compel hearing…" and "…it appears as though the Judge would prefer Plaintiffs file a Motion to Compel simultaneously with …letter …". Counsel for Plaintiff did not attend the hearing mentioned in the letter to Defendant, and presumes to know what the Honorable Judge Thuma would prefer in this proceeding by inference.

CONCLUSION

Pursuant to Fed. R. Civ. P. 37 (a)(1), a party may move for an order compelling disclosure or discovery after having made a good faith attempt to obtain said discovery without court action. Counsel for Plaintiffs failed to make such a good faith effort. Plaintiffs assert, in their Motions to Compel, that reasonable expenses and attorney's fees should be allowed in the instant case, citing Fed. R. Civ. P. 37. It is Defendant's position that the attorney's fees and costs, in the form of sanctions, be allowed to Defendant pursuant to Fed. R. Civ. P. 37(a)(5)(A)(i), as the moving party "…filed the motion before attempting in good faith to obtain the disclosure or discovery without court action."

WHEREFORE, Defendant requests an order for sanctions, attorney fees and costs associated with the necessity of filing this Motion, and for such other and further relief as the Court deems just and proper.

Respectfully submitted;

ALBUQUERQUE BUSINESS LAW, P.C.

*/s/ James T. Burns "electronically signed"*
James T. Burns, Esq.
*Attorneys for Defendant Bryan A. Lamey*
1801-B Rio Grande Blvd NW
Albuquerque, NM 87104
Telephone:    (505) 246-2878
Facsimile:    (505) 246-0900
james@abqbizlaw.com

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing document was mailed, and emailed, on this 25th day of June, 2015, to:

MICHAEL DANOFF & ASSOCIATES, P.C.
Michael L. Danoff
Brett J. Danoff
*Attorneys for Plaintiff*
1225 Rio Grande Blvd. NW
Albuquerque, NM 87104

WILLIAM F. DAVIS & ASSOCIATES PC
William F. Davis, Esq.
6709 Academy Rd. NE Suite A
Albuquerque, NM 87109-3363